IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **KAREN HILLMAN,**<br>10334 Old National Pike<br>Ijamsville, MD 21754<br><br>**and**<br><br>**KAREN PAIGE DESIGNS, LLC,**<br>10334 Old National Pike<br>Ijamsville, MD 21754<br><br>       **Plaintiffs,**<br><br>v.<br><br>**AMAZON.COM SERVICES, LLC,**<br>410 Terry Ave.<br>N. Seattle, WA 98109<br><br>       **Defendant.** | Case No.: _____ |

## NOTICE OF REMOVAL

Defendant Amazon.com Services LLC, incorrectly sued as Amazon.com, Inc. ("Amazon"), removes this case, originally filed in the Circuit Court for Montgomery County, Maryland, Case No. C-15-CV-24-003316, to the United States District Court for the District of Maryland, Southern Division. This action is removable pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs Karen Hillman ("Ms. Hillman") and Karen Paige Designs, LLC ("KPD"), and Amazon, and because the actual amount in controversy exceeds $75,000. The grounds for removal are as follows:

### I. Procedural Background

1. On June 27, 2024, Plaintiffs filed their Complaint against Amazon in the Circuit Court for Montgomery County, Maryland, in the civil action styled *Karen Hillman and Karen*

1

*Pagie Designs, LLC v. Amazon.com, Inc.*, Case No. C-15-CV-24-003316.  A true and correct copy of Plaintiffs' Complaint is attached as Exhibit A.

2. The Complaint asserts three separate claims against Amazon.  Two are on behalf of KPD: (1) negligence, and (2) false light.  The third claim, for intentional infliction of emotional distress, is asserted only by Ms. Hillman.

3. On August 22, 2024, Plaintiffs served the Complaint on Amazon.  Accordingly, the Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

4. Amazon has filed no responsive pleadings.

5. Promptly after filing this Notice of Removal, Amazon will give written notice to Plaintiffs, who are the only adverse parties, and will file a copy of this Notice with the Clerk of the Court for Montgomery County, Maryland, pursuant to 28 U.S.C. § 1446(d).

**II.     Diversity Jurisdiction**

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different states."

7. This case satisfies the requirement of complete diversity.  Ms. Hillman is a citizen of Maryland.  Compl. ¶ 1.  KPD is a citizen of Maryland and Florida.  *Id.* ¶ 2.

8. Defendant Amazon is a limited liability corporation organized under the laws of Delaware and having its principal place of business in the State of Washington.  "[A] limited liability corporation is a citizen of the state or state of which its members are citizens." *JBG/JER Shady Grove, LLC v. Eastman Kodak Co.*, 127 F. Supp. 2d 700, 701 (D. Md. 2001).  The sole member of Amazon is Amazon.com Sales, Inc., which is a Delaware corporation having its

principal place of business in the State of Washington.  Amazon.com Sales, Inc. is itself wholly owned by Amazon.com, Inc., which is a Delaware corporation having its principal place of business in the State of Washington.  For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business" *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 170 (4th Cir. 2014) (quoting 28 U.S.C. § 1332(c)(1)).  A corporation's principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities," which is generally "the place where the corporation maintains its headquarters."  *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010); *see also Cent. W. Va. Energy v. Mt. State Carbon, LLC*, 636 F.3d 101, 104 (4th Cir. 2011) ("for purposes of diversity jurisdiction, a corporation's principal place of business is always its 'nerve center'").  Amazon is therefore a citizen of Washington and Delaware, as those are two states that its sole member, Amazon.com Sales, Inc., is a citizen.

9. Amazon is thus not a citizen of Maryland or Florida.

10. Because Amazon is not the citizen of Maryland or Florida, the parties are completely diverse.

11. The $75,000 amount-in-controversy requirement is satisfied.  While KPD seeks $74,999.99 in damages for Counts I and III, the aggregate of those claims is over the $75,000 amount-in-controversy requirement of 28 U.S.C. § 1332(a).

12. "Under certain circumstances, a plaintiff's smaller claims can be aggregated to reach the $75,000 required for federal diversity jurisdiction." *Johnson v. Xerox Educ. Solutions LLC*, 2014 U.S. Dist. LEXIS 148817, at *8 (D. Md. Oct. 20, 2014) (citing *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995)).  While "claims that are simply pleading alternative legal theories to recover for one harm cannot be aggregated to reach the amount in controversy threshold,"

3

aggregation is permissible where each claim asserts its own injury and request for compensation. *Id.* at *9; *see also Hawkins v. PNC Bank, N.A.*, 2019 U.S. Dist. LEXIS 105613, at *4 (D. Md. June 24, 2019) ("[I]f the damages sought are not congruent, but merely overlapping, then aggregation is permitted.") (citing *Griffin v. Red Run Lodge, Inc.*, 610 F.2d 1198, 1204 (4th Cir. 1979)); *Arcangel v. Huntington Atl. Hotels, LLC*, 2018 U.S. Dist. LEXIS 192173, at *5 (D. Md. Nov. 9, 2018) (permitting aggregation of "separate causes designed to address different harms").

13. In this case, the negligence (Count I) and false light (Count III) claims pleaded by KPD have distinct elements and seek distinct damages. They are not merely alternative theories to recover for one harm. Specifically, KPD seeks to recover $74,999.99 for Amazon's alleged negligence that caused it to "suspend business and waste time having to do damage control and respond to complaint for which it had nothing to do with it." Compl. ¶ 37. KPD also seeks to recover $74,999.99 against Amazon under its false light claim for associating KPD "with an inferior furniture company . . . based in another country." *Id.* ¶ 47. KPD claims that Amazon's conduct associated KPD "with this company and its bad reviews" such that there was a "detrimental impact on [KPD] and its business as it portrays a connection between the businesses that does not exist." *Id.* According to the Complaint, KPD could recover $74,999.99 each for the negligence and false light claims, which totals $149,999.98, above the amount-in-controversy requirement for diversity jurisdiction. *See Johnson*, 2014 U.S. Dist. LEXIS 148817 at *10 ("Based on these two counts alone, Plaintiff could potentially recover damages of $50,000 for Defendants' alleged negligence in failing to process his loan payment and inflating the interest owed and recover separate damages of $50,000 for Defendants' false credit reporting that caused Plaintiff to be humiliated and denied employment. These are not two separate theories for the same recovery.")

14. The United States District Court for the District of Maryland, Southern Division, is the federal district and division embracing the Circuit Court for Montgomery County, Maryland. *See* 28 U.S.C. § 100(2).

### III. No Waiver

15. In filing this Notice of Removal, Amazon does not waive and specifically reserves any and all defenses, exceptions, rights, motions, and pleas, including those concerning service, venue, jurisdiction, or any other objections it may have. No statement or omission in this Notice of Removal shall be deemed an admission of any allegations or damages sought in the Complaint. Amazon reserves the right to amend this Notice of Removal.

### IV. Conclusion

16. Accordingly, the State Court Action pending in the Circuit Court for Montgomery County, Maryland, is hereby removed to the United States District Court for the District of Maryland, Southern Division.

Dated: September 20, 2024.                              Respectfully submitted,

*/s/ Patrick J. Curran Jr.*
Patrick J. Curran Jr. (Bar No. 18872)
DAVIS WRIGHT TREMAINE, LLP
1301 K Street, NW
Suite 500 East
Washington, DC 20005
(202) 973-4200
patcurran@dwt.com

*Counsel for Defendant*
*Amazon.com Services LLC*

5

## **CERTIFICATE OF SERVICE**

I, Patrick J. Curran Jr., hereby certify that that on September 20, 2024, a copy of the foregoing was served via electronic and first-class mail, postage prepaid, upon:

Jude Wikramanayake – jwikram@monterolawgroup.com
Montero Law Group, LLC
1738 Elton Road, Suite 105
Silver Spring, MD 20903

*Counsel for Plaintiffs*


                                                  */s/ Patrick J. Curran Jr.*
                                                  Patrick J. Curran Jr.