UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**KAREN HILLMAN, et al.,**

*Plaintiffs*,

v.                                                            Civil No. 24-2721 SAG

**AMAZON.COM SERVICES LLC,**

*Defendant.*

MEMORANDUM OPINION

Maryland resident Karen Hillman and "Karen Paige Designs, LLC," (collectively "Plaintiffs") sued Amazon.com Services LLC in Maryland state court, alleging three torts: negligence, intentional infliction of emotional distress, and false light invasion of privacy. ECF 6. Amazon removed the case to this Court and moved to dismiss. ECF 13. The motion is fully briefed. ECF 13-1, 17, 19. No hearing is necessary. L.R. 105.6 (D. Md. 2023). For the reasons below, Amazon's motion to dismiss will be granted, and Plaintiffs' complaint will be dismissed without prejudice.

I. BACKGROUND

**A. The Plaintiffs and Related Entities**

Cozy Castle Events ("Events" or "CCE") is an event-planning company with an event space in Frederick, Maryland. Compl. ¶ 6. It has operated since 2010. *Id.* ¶ 8. Events' ownership is unclear. *See* Compl. ¶¶ 1–2, 6–8 (stating that "Plaintiffs" operate Events, but not specifying Events' ownership). Also unclear is Events' status in this case. Notably, Events is not a named

plaintiff, despite the complaint occasionally referring to it as such and seeking damages for CCE in Counts One and Three. *Id.* at 5. ("Plaintiff CCE demands damages . . . .").

In April 2015, about five years after Events began its operations, Hillman incorporated "Karen Paige Designs, LLC" in Florida ("KPD-FL"). Mot. to Dismiss, Ex. B, ECF 13-4 (showing public record of KPD-FL's incorporation in Florida on April 13, 2015).[1] About seven years later, on September 23, 2022, Florida's Secretary of State administratively dissolved KPD-FL. *See* Fla. Dep't of State, Div. of Corps., SunBiz.org, https://perma.cc/F28C-E82Q (last visited June 2, 2025). KPD-FL remedied its dissolution in Florida and was reinstated on June 26, 2024, one day before it and Hillman filed their state-court complaint in this matter. *See id.*; ECF 6 (bearing an e-filing stamp on the state-court complaint for June 27, 2024). Thus, between September 2022 and June 2024, KPD-FL, as an administratively dissolved Florida company, could "only carry on activities necessary to wind up its activities and affairs, liquidate and distribute its assets, and notify claimants." Fla. Stat. § 605.0714(5). It could not conduct business, either in Florida or anywhere else. *See id.* As to its presence in Maryland, KPD-FL has never registered as an out-of-state company doing business.

Presently, Hillman also has a Maryland-based company named "Karen Paige Designs, L.L.C." *See* Mot. to Dismiss, Ex. A, ECF 13-3. Although they share a name, the two companies are not the same: KPD-FL is incorporated in Florida and KPD-MD was separately incorporated in

---

[1] On a motion to dismiss, typically a court may not assess facts outside the complaint. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). But a district court may consider facts that are subject to judicial notice. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015). To be open to judicial notice, a fact must "not [be] subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "[W]hen a court considers relevant facts from the public record at the pleading stage, the court must construe such facts in the light most favorable to the plaintiffs." *Zak*, 780 F.3d at 607 (citation omitted).

Maryland. *Id.* (listing KPD-MD's address as 10034 Old National Pike, Ijamsville, Maryland 21754). Hillman incorporated KPD-MD shortly *after* filing her complaint in this case. *Compare* ECF 6 (bearing an e-filing stamp on the state-court complaint for June 27, 2024, at 1:18 p.m.)*, with* ECF 13-3 (bearing the "Filing Date and Time" in the top-left corner as June 27, 2024, at 5:39 p.m.).

Complicating the identification of the plaintiff here, the complaint's caption lists the address for "Karen Paige Designs, LLC" as 10034 Old National Pike, Ijamsville, Maryland 21754. Compl. at 1. But that is the address of KPD-MD, not KPD-FL. *Compare* ECF 13-3*, with* ECF 13-4 (KPD-FL's registration with a Florida address). The body of the complaint, however, contradicts the caption, stating that "Karen Paige Designs, LLC" is a Florida-based company. Compl. ¶ 2. Because KPD-MD did not exist at the time of the alleged harms, the Court identifies the plaintiff "Karen Paige Designs, LLC" as KPD-FL, not the Maryland-based company by the same name.

Plaintiffs KPD-FL and Hillman allege that they have operated Events together. Compl. ¶ 6; Resp. in Opp'n, ECF 17 at 2.[2] Yet, as stated, KPD-FL has never registered to do business in Maryland. *See* Md. Code, Corps. & Ass'ns § 4A-1009 (defining "doing business" for out-of-state companies); *id.* § 7-202(a) (requiring out-of-state companies to register with Maryland's Department of Assessments and Taxation "before doing any interstate or foreign business in [Maryland]"); *id.* § 7-203(a) (same, except for *intra*state business).

---

[2] In determining whether it has jurisdiction, a district court "may consider evidence outside the pleadings," including facts in a response opposing a motion to dismiss. *See Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citations omitted).

## B. The Allegations

In January 2023, Hillman started receiving emails and calls from people complaining about Cozy Castle *Furniture* ("Furniture"). *See id.* ¶¶ 9, 13, 26. Furniture, though, is unrelated to Cozy Castle Events and Plaintiffs. Furniture is a retailer on Amazon's online marketplace. *See id.* ¶ 10. On its Amazon page, "[Furniture] or someone" listed Plaintiffs' contact information as if it were Furniture's. *See id.* ¶ 12. That incorrect information led to Hillman receiving numerous calls and emails complaining about Furniture and its products. The complaints Hillman received about Furniture numbered in the hundreds per day, beginning in February 2023. *See id.* ¶¶ 13–14. The exceptional volume of complaints prevented Plaintiffs from managing Events and caused Events to "not operat[e] as a business from February 2023 until November 2023." *Id.* ¶¶ 15, 18. The complaints also disrupted Hillman's personal life, inducing "anxiety, depression, embarrassment, fear, and humiliation." *Id.* ¶¶ 16–17.

Hillman spoke to the complainants directly, "hundreds" of whom told her that, on Amazon, her and Events' contact information was listed for Furniture. *See id.* ¶¶ 21–22. To resolve the error, Hillman called Amazon at least 15 times and wrote Amazon at least 11 times between January and September 2023. *See id.* ¶¶ 19–20, 24. On September 6, 2023, Hillman spoke to an Amazon representative about the error, but the representative told her that Amazon "did not have the tools to fix it." *Id.* ¶ 25 (quoting the Amazon representative).

Hillman alleges that Amazon knew of the error since late January 2023, when she first called. *Id.* ¶ 26. Yet Amazon did nothing to address the problem until nearly 10 months later, around October 2023, when it finally corrected Furniture's contact information. *See id.* ¶¶ 26–27.

The myriad complaints allegedly resulted in Hillman's emotional distress as well as irreparable damage to Events' reputation. *See id.* ¶¶ 29–32.[3]

## II. LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines*, 822 F.3d at 165–66. Here, Amazon cites two bases for dismissal: Rule 12(b)(1) and 12(b)(6).

Rule 12(b)(1) governs situations when the Court lacks subject-matter jurisdiction. *See Khoury v. Meserve*, 628 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). Under that rule, the plaintiff bears the burden of establishing subject-matter jurisdiction. *See Demetres v. E.W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015). One part of establishing subject-matter jurisdiction is establishing standing, the legal capacity to sue. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). To establish standing, the plaintiff must plausibly allege an injury-in-fact caused by the defendant that is redressable by the court. *See, e.g.*, *Tyler v. Hennepin Cnty.*, 598 U.S. 631 (2023) (citing *Lujan*, 504 U.S. at 560–61). To show it has suffered an injury-in-fact, the plaintiff must show "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at

---

[3] The Court has diversity jurisdiction over this matter because the parties are citizens of different States and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §1332. Plaintiffs intended to remain in state court. *See* Compl. ¶ 31 ("To keep within the state court limits, damages are capped at $74,999.99."). But KPD-FL alleges two distinct forms of damage that sum to more than $75,000: Count One alleges negligence damaging KPD-FL's business functioning. *Id.* ¶¶ 37, 39. Count Three alleges invasion of privacy false light damaging KPD-FL's reputation. *Id.* ¶ 51. Both counts seek $74,999.99 for their respective damages. *See id.* at 5, 7. When a single plaintiff brings multiple claims with distinct damages against a single defendant, the court may aggregate those damages to determine the amount in controversy for purposes of diversity jurisdiction. *Cf.* Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995) (citation omitted) (noting that "[a] plaintiff may aggregate smaller claims in order to reach this threshold"). Thus, KPD-FL's damages to its business function and to its reputation sum to exceed $75,000.

560 (cleaned up). If the court determines that the plaintiff has no injury-in-fact, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555.

### III.   ANALYSIS

**A.  Lack of Subject-Matter Jurisdiction**

This Court notes that none of the three counts in the Complaint purport to seek relief on behalf of "Karen Paige Designs, LLC." Counts One and Three seek relief on behalf of "CCE," which as noted above, is not a named Plaintiff. Count Two seeks relief on behalf of Hillman alone. Nevertheless, because "Karen Paige Designs, LLC" is listed in the caption as a Plaintiff, this Court will first address why neither KPD-MD nor KPD-FL has standing to sue.

1. *Standing for KPD-MD*

KPD-MD, as Amazon points out, has no standing here. First, it is not KPD-FL, even though it has the same name. Second, KPD-MD did not exist when KPD-FL and Hillman filed this lawsuit. So third, KPD-MD certainly did not exist when the harms allegedly occurred in 2023. It cannot have suffered injury-in-fact when it did not exist.[4]

2. *Standing for KPD-FL*

An out-of-state company has no right to do business in Maryland until it registers with the State Department of Assessments and Taxation. *See* Md. Code, Corps. & Ass'ns § 7-203(a); *see also Guy Named Moe, LLC v. Chipotle Mexican Grill, LLC*, 135 A.3d 492, 494–95, 497 (Md. 2016) (noting that a plaintiff's "right to do business in Maryland was forfeited" because it had not renewed its registration with Maryland's Department of Assessments and Taxation).

In 2023, KPD-FL was not registered with Maryland's Department of Assessments and Taxation as an out-of-state company. *See* ECF 13-3 (showing that a company with the same name as KPD filed articles of incorporation in Maryland on June 27, 2024); *Business Entity Search*, Md. Bus. Express, https://egov.maryland.gov/BusinessExpress/EntitySearch/Business (in the field

---

[4] If Plaintiffs amend their pleading, they should clarify which parties are plaintiffs by matching the complaint's caption to its body. Even pro se complaints, which are liberally construed, may be dismissed for failing at this most basic task—and in those cases, the discrepancy is typically in the naming of the *defendants*, not in the plaintiffs naming themselves. *Cf. Smith v. Morris*, No. 18-3289, 2022 WL 110823, at *1–3 (D. Kan. Jan. 12, 2022) (dismissing a complaint with prejudice after the court had repeatedly instructed the pro se plaintiff to reconcile the discrepancy in naming of the defendants between the caption and body of the complaint); *Nunez v. Yolo Cnty. Jail*, No. 08-cv-00669, 2009 WL 2171894, at *2 (E.D. Cal. July 21, 2009) (instructing a pro se plaintiff to correct the discrepancy in naming of defendants between the caption and body of the complaint); *Lindsay v. Owens Loan*, No. 08-cv-12526, 2008 WL 2795944, at *1 n.1 (E.D. Mich. July 18, 2008) (deferring to the complaint's caption to determine the spelling of the pro se plaintiff's name, despite another filing by the plaintiff in which he spelled his name differently).

"Business Name" type "Karen Paige," then click "Search"; the only business found is "Karen Paige Designs, L.L.C.," and it is registered as a "DOMESTIC LLC," with its principal office in Maryland; no foreign company is listed). Indeed, KPD-FL has *never* registered as an out-of-state company in Maryland. Consequently, KPD-FL has never had the "right to do business in Maryland." *See Guy Named Moe*, 135 A.3d at 497; *cf. Trinity Outdoor, L.L.C. v. City of Rockville*, No. 03-cv-2372 (JFM), 2004 WL 78054, at *2 (D. Md. Jan. 15, 2004), *aff'd*, 123 F. App'x 101 (4th Cir. 2005) (finding that an unregistered company could not establish standing because it had no right on which to infringe). And, in fact, in 2023 when the events described in the complaint occurred, KPD-FL was administratively dissolved in Florida and had no right to do business at all.

Plaintiffs allege that KPD-MD has operated Events since 2015. ECF 17 at 2. But if KPD-MD operated Events in Maryland, it did so without registering as required by law. KPD-MD cannot claim infringement of a right it never had and has not adequately pleaded facts to establish that it suffered an injury-in-fact as a result of injuries to Events in Maryland. Accordingly, the Court will grant Amazon's motion and will dismiss the claims brought by "Karen Paige Designs, LLC" for lack of jurisdiction.

## B. Failure to State a Claim

In the remaining count, Count Two, Hillman alleges intentional infliction of emotional distress. But Hillman has not stated a claim for which relief can be granted.

The Communications Decency Act of 1996 states that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Thus, the law grants immunity from liability to (1) interactive computer services (2) for speech posted on the service by a third party (3) for claims that seek to treat the service as if it published the third party's speech. *See Nemet*

8

*Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254 (4th Cir. 2009); *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 328 (4th Cir. 1997) (holding that § 230 "plainly immunizes computer service providers like [Amazon] from liability for information that originates with third parties"); *Erie Ins. Co. v. Amazon.com, Inc.*, 925 F.3d 135, 139 (4th Cir. 2019) ("[T]o implicate the immunity of § 230(c)(1), a claim must be based on the interactive computer service provider's publication of a third party's speech."). Section 230 immunity also applies to state-law claims, including common-law torts. *See* 47 U.S.C. § 230(e)(3) ("No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section.").

Because Amazon meets the three elements of § 230, Amazon is immune from Hillman's claim for intentional infliction of emotional distress. First, Amazon is an interactive computer service. An "interactive computer service" is "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet." 47 U.S.C. § 230(f)(2). A website that passively hosts third-party speech qualifies as an interactive computer service. *Nemet Chevrolet*, 591 F.3d at 254 ("State-law plaintiffs may hold liable the person who creates or develops unlawful content, but not the interactive computer service provider who merely enables that content to be posted online."). As alleged, Amazon is an online platform on which third parties, like Furniture, market and sell goods. *See* Compl. ¶ 4 ("Amazon provides a sales platform for resellers and sellers of various products in the global commercial marketplace."). In this third-party marketplace, Amazon acts as a passive host. *See id.* It is, thus, an interactive computer service. *Ratermann v. Pierre Fabre USA, Inc.*, 651 F. Supp. 3d 657, 666 (S.D.N.Y. 2023); *see McDonald v. LG Elecs. USA, Inc.*, 219 F. Supp. 3d 533, 536 (D. Md. 2016) (noting no dispute "that Amazon is an 'interactive computer service' under Section 230").

Second, Plaintiffs' claim for intentional infliction of emotional distress depends on the content provided by a third party. Taking Plaintiffs' allegations as true, "[Furniture] or someone listed Plaintiffs' contact information for customer complaints" on Amazon. Compl. ¶ 12. That is, someone—but not Amazon—listed false information about Plaintiffs. The misinformation was "provided by another information content provider." *See* 47 U.S.C. § 230(c)(1).

Third and finally, Plaintiffs seek to treat Amazon as if it published the third-party speech. Plaintiffs allege that Amazon listed inaccurate information on its website, Compl. ¶¶ 21–22, and that it failed to correct that inaccuracy, *id.* ¶ 26. Plaintiffs allege that, because of Amazon's failure "to correct the incorrect information," *id.* ¶ 42, Hillman was "actively damaged and harmed," *id.* ¶ 43. Yet "lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone or alter content—are barred." *Zeran*, 129 F.3d at 330; *accord Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1103 (9th Cir. 2009) ("[R]emoving content is something publishers do, and to impose liability on the basis of such conduct necessarily involves treating the liable party as a publisher of the content it failed to remove.").

Hillman's claim is thus barred by § 230 immunity.

### IV.  CONCLUSION

In sum, Plaintiff "Karen Paige Designs, LLC" lacks standing to bring Counts One and Three, and Amazon has adequately shown that § 230 grants Amazon immunity from Hillman's

10

claim in Count Two. The Court, therefore, will **GRANT** Amazon's motion to dismiss and **DISMISS** Plaintiffs' complaint without prejudice. A separate order follows.

June 2, 2025                               /s/
                                           **STEPHANIE A. GALLAGHER**
                                           **UNITED STATES DISTRICT JUDGE**